**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|   |   |
|---|---|
| AMERICAN OVERSIGHT,<br>1030 15th Street NW, B255<br>Washington, DC 20005<br><br>        *Plaintiff*,<br><br>v.<br><br>U.S. DEPARTMENT OF STATE<br>2201 C Street NW<br>Washington, DC 20520<br><br>        *Defendant*. | Case No. 19-cv-0417 |

**COMPLAINT**

1. Plaintiff American Oversight brings this action against the U.S. Department of State under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking declaratory and injunctive relief to compel compliance with the requirements of FOIA.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1331, 2201, and 2202.

3. Venue is proper in this district pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e).

4. Because Defendant the U.S. Department of State has failed to comply with the applicable time-limit provisions of FOIA, American Oversight is deemed to have constructively exhausted its administrative remedies pursuant to 5 U.S.C. § 552(a)(6)(C)(i) and is now entitled to judicial action enjoining the agency from continuing to withhold agency records and ordering the production of agency records improperly withheld.

## PARTIES

5.    Plaintiff American Oversight is a nonpartisan non-profit section 501(c)(3) organization primarily engaged in disseminating information to the public. American Oversight is committed to promoting transparency in government, educating the public about government activities, and ensuring the accountability of government officials. Through research and FOIA requests, American Oversight uses the information it gathers, and its analysis of it, to educate the public about the activities and operations of the federal government through reports, published analyses, press releases, and other media. The organization is incorporated under the laws of the District of Columbia.

6.    Defendant the U.S. Department of State (State) is a department of the executive branch of the U.S. government headquartered in Washington, DC, and an agency of the federal government within the meaning of 5 U.S.C. § 552(f)(1). State has possession, custody, and control of the records that American Oversight seeks.

## STATEMENT OF FACTS

7.    On August 20, 2018, American Oversight submitted a FOIA request to State seeking to shed light on whether and to what extent Steve Bannon, Sean Hannity, or Raheem Kassam have played a role representing the Trump administration in Europe.

8.    Specifically, American Oversight sought the following records:

> All records reflecting communications (including emails, email attachments, text messages, messages on messaging platforms (such as Slack, GChat or Google Hangouts, Lync, Skype, or WhatsApp), telephone call logs, calendar invitations/entries, meeting notices, meeting agendas, informational material, talking points, any handwritten or electronic notes taken during any oral communications, summaries of any oral communications, or other materials) between 1) Steve Bannon, 2) Sean Hannity, or 3) Raheem Kassam, the former editor of Breitbart London, and any of the below:
>
> A) The Ambassador of the U.S. Embassy in London, Robert Wood "Woody" Johnson IV, or anyone communicating on his behalf;

B) The Minister Counselor for Public Affairs of the U.S. Embassy in London, Courtney Austrian;
C) The Ambassador of the U.S. Embassy in Germany, Richard Grenell, or anyone communicating on his behalf;
D) The Minister Counselor for Public Affairs of the U.S. Embassy in Germany;
E) The Ambassador of the U.S. Embassy in France, Jamie McCourt, or anyone communicating on her behalf;
F) The Ambassador of the U.S. Embassy in Italy, Lewis Eisenberg, or anyone communicating on his behalf;
G) The Ambassador of the U.S. Embassy in Hungary, David Cornstein, or anyone communicating on his behalf;
H) The Ambassador of the U.S. Embassy in the Netherlands, Pete Hoekstra, or anyone communicating on his behalf;
I) The Minister Counselor for Public Affairs of the U.S. Embassy in the Netherlands, Sherry Keneson-Hall;
J) The Ambassador of the U.S. Embassy in Belgium, Ron Gidwitz, or anyone communicating on his behalf; or
K) The Minister Counselor for Public Affairs of the U.S. Embassy in Belgium, Carla Benini.

9. The request sought responsive records from December 1, 2017, through the date of the search.

10. By letter dated September 17, 2018, State acknowledged receipt of American Oversight's FOIA request and assigned the request FOIA tracking number F-2018-06374.

11. American Oversight has not received any further communication from State regarding this FOIA request.

*Exhaustion of Administrative Remedies*

12. As of the date of this Complaint, State has failed to (a) notify American Oversight of a final determination regarding American Oversight's FOIA request, including the scope of responsive records Defendant intends to produce or withhold and the reasons for any withholdings; or (b) produce the requested records or demonstrate that the requested records are lawfully exempt from production.

13. Through State's failure to respond to American Oversight's FOIA request within the time period required by law, American Oversight has constructively exhausted its

3

administrative remedies and seeks immediate judicial review.

## COUNT I
### Violation of FOIA, 5 U.S.C. § 552
### Failure to Conduct Adequate Searches for Responsive Records

14. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

15. American Oversight properly requested records within the possession, custody, and control of State.

16. State is an agency subject to FOIA and must therefore make reasonable efforts to search for requested records.

17. State has failed to promptly review agency records for the purpose of locating those records that are responsive to American Oversight's FOIA request.

18. State's failure to conduct adequate searches for responsive records violates FOIA.

19. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring State to promptly make reasonable efforts to search for records responsive to American Oversight's FOIA request.

## COUNT II
### Violation of FOIA, 5 U.S.C. § 552
### Wrongful Withholding of Non-Exempt Records

20. American Oversight repeats the allegations in the foregoing paragraphs and incorporates them as though fully set forth herein.

21. American Oversight properly requested records within the possession, custody, and control of State.

22. State is an agency subject to FOIA and must therefore release in response to a FOIA request any non-exempt records and provide a lawful reason for withholding any materials.

23. State is wrongfully withholding non-exempt agency records requested by American Oversight by failing to produce records responsive to its FOIA request.

24. State is wrongfully withholding non-exempt agency records requested by American Oversight by failing to segregate exempt information in otherwise non-exempt records responsive to American Oversight's FOIA request.

25. State's failure to provide all non-exempt responsive records violates FOIA.

26. Plaintiff American Oversight is therefore entitled to declaratory and injunctive relief requiring State to promptly produce all non-exempt records responsive to its FOIA request and provide an index justifying the withholding of any responsive records withheld under claim of exemption.

## REQUESTED RELIEF

WHEREFORE, American Oversight respectfully requests the Court to:

(1) Order State to conduct a search or searches reasonably calculated to uncover all records responsive to American Oversight's FOIA request;

(2) Order State to produce, by such date as the Court deems appropriate, any and all non-exempt records responsive to American Oversight's FOIA request and an index justifying the withholding of any responsive records withheld under claim of exemption;

(3) Enjoin State from continuing to withhold any and all non-exempt records responsive to American Oversight's FOIA requests;

(4) Award American Oversight attorneys' fees and other litigation costs reasonably incurred in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant American Oversight such other relief as the Court deems just and proper.

Dated: February 19, 2019

Respectfully submitted,

*/s/ Sara Kaiser Creighton*
Sara Kaiser Creighton
D.C. Bar No. 1002367

*/s/ John E. Bies*
John E. Bies
D.C. Bar No. 483730

*/s/ Katherine M. Anthony*
Katherine M. Anthony
MA Bar No. 685150*
*Pro hac vice* motion to be submitted

AMERICAN OVERSIGHT
1030 15th Street NW, B255
Washington, DC 20005
(202) 897-3918
sara.creighton@americanoversight.org
john.bies@americanoversight.org
katherine.anthony@americanoversight.org

*Member of the MA bar only; practicing in the District of Columbia under the supervision of members of the D.C. Bar while application for D.C. Bar membership is pending.

*Counsel for Plaintiff*